IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARVILL INDUSTRIES, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CV-448-GKF-PJC |
| ) | |
| ADCOR INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the court are the Objections of plaintiff Harvill Industries, Ltd. to Defendant's Deposition Designations to the deposition testimony of William Harvill. [Document No. 39]. Plaintiff objects to the use of Harvill's testimony for purposes other than for cross-examination and impeachment because Harvill will be present at trial, and live testimony is preferable to deposition testimony.

Rule 32 of the Federal Rules of Civil Procedure provides that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." In this case, William Harvill is President and owner of plaintiff Harvill Industries and was designated as Harvill's 30(b)(6) corporate representative on topics 1, 2, 3, 6, 7, 8, 10, 11, 12, 13, and 14 listed in ADCOR's 30(b)(6) notice. In addition, plaintiff designated Harvill to testify as corporate representative "in part" on the topics listed in item 4, 5 and 9 of the 30(b)(6) deposition notice.[1]

---

[1] As to item 4 - "[t]he terms of the agreement between ADCOR and Harvill for the work performed by Harvill at the Gatorade plant in Pryor Oklahoma," plaintiff designated Harvill to testify as to what is in the final signed documents. As to item 5 – "[a]ll change orders and the basis for all change orders proposed by Harvill to ADCOR," plaintiff designated Harvill to testify as to "all the change orders that [were] given or received after the time [Harvill] was on the project." And as to item 9 – "Harvill's quote for the Gatorade plant project and the process by which the quote was prepared," Harvill testified he reviewed the quote for the Gatorade plant project and that he could testify about "70 percent" of the topic.

The Tenth Circuit agrees that Rule 32 allows a party to introduce "as a part of his substantive proof" the deposition of a corporate adversary's officers and 30(b)(6) representatives, "and it is quite immaterial that the adversary is available to testify at the trial or has testified there." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 773 (10th cir. 1999), *quoting King & King Enters. v. Champlin Petroleum Co.*, 657 F.2d 1147, 1163-64 (10th Cir. 1981); see also *Patsy's Italian Restaurant, Inc., v. Banas*, 508 F.Supp. 2d 194, 200 n.7 (E.D.N.Y. 2007).  Despite the Rule, the admission of deposition testimony remains subject to the sound discretion of the trial court, which "has a perfect right to limit the use of the material if [the deposition] is repetitious or immaterial." *Coletti*, 165 F.3d at 773, *quoting King & King*, 657 F.2d at 1164. With those principles in mind, the court makes the following rulings on plaintiff's objections to defendant's deposition designations of William Harvill:

1. P. 43, lines 1-20.  Overruled.

2. P. 156, lines 6-8 and 14.  Sustained.

3. P. 171, lines 7-9.  Overruled.

4. P. 220, line 20 to P. 223, line 5.   Overruled.

WHEREFORE, Plaintiff's Objections to Defendant's Deposition Designations to the deposition testimony of William Harvill [Document No. 39] are overruled in part and sustained in part.

Dated this 1st day of May 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma